UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DELUCA'S AUTO REPAIR INC.,
et al.,

       Plaintiffs,

       v.

CITY OF HAZLETON, et al.,

       Defendants.

CIVIL ACTION NO. 3:25-cv-00511

(SAPORITO, J.)

## ORDER

AND NOW, this 27th day of March, 2026, in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The defendants' motions to dismiss (Doc. 8; Doc. 17) are **GRANTED**;

2. With respect to plaintiff DeLuca's Towing[1] only, Counts I, II, and III of the complaint are **DISMISSED** for lack of Article III standing, pursuant to Fed. R. Civ. P. 12(b)(1);

3. With respect to plaintiff DeLuca's Towing only, and only to the extent that it is based on the 2019 and 2023 exclusive towing contract

---

[1] "DeLuca's Towing" includes: (a) DeLuca's Auto Repair Inc.; and (b) Cynthia Ann DeLuca.

RFP processes, Count IV of the complaint is **DISMISSED** for lack of Article III standing, pursuant to Fed. R. Civ. P. 12(b)(1);

4. To the extent that they are based on the 2019 and 2023 exclusive towing contract RFP processes, Counts V and VI of the complaint are **DISMISSED** for lack of Article III standing, pursuant to Fed. R. Civ. P. 12(b)(1);

5. With respect to plaintiff Zenier's Towing,[2] Count I of the complaint is **DISMISSED** as waived and for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6);

6. All official-capacity claims against the Individual Municipal Defendants[3] are **DISMISSED** as redundant or duplicative of the plaintiffs' claims against their employer, City of Hazleton, pursuant to the court's inherent authority to control its docket and avoid duplicative claims;

---

[2] "Zenier's Towing" includes: (a) Zenier's Automotive, Inc.; (b) William George Buggy; and (c) Richard M. Buggy.

[3] The "Individual Municipal Defendants" include: (a) Jeff Cusat; (b) Joseph Yannuzzi; (c) James Perry; (d) Tony Colombo; (e) John "Jack" Mundie; (f) Mark Ondishin; (g) Lauran Sacco; (h) David Sosar; (i) Brian Schoonmaker; (j) Jerry Speziale; (k) Robert DeMalfi; (l) Anthony White; (m) Kirk Wetzel; (n) Keith McAlarney; (o) Cameo "Mark" Zola; (p) William Gallagher; (q) Brett Green; (r) Chris Zubris; (s) Diane Panzarella; (t) Nadine Sist; (u) Christopher Pavlick; and (v) Gary Perna.

7.    All personal-capacity claims against the Individual Municipal Defendants and individual defendants Paul F. Sateach and Paul J. Sateach[4] are **DISMISSED** due to improper shotgun pleading, pursuant to Fed. R. Civ. P. 8(a)(2), and for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6);

8.    With respect to plaintiff Zenier's Towing, Count II of the complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6);

9.    To the extent they have not already been dismissed for lack of standing, Counts V, VI, VII, and VIII are **DISMISSED** for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6);

10.    To the extent they have not already been dismissed for lack of standing, the plaintiffs' state-law claims set forth in Counts III, IV, and IX are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1367(c)(3);

11.    The plaintiffs are **GRANTED** leave to file and serve an amended complaint **within fourteen (14) days** after entry of this order;

---

[4] Misidentified in the complaint and on the docket as "Paul Sateach Sr." and "Paul Sateach Jr."

12.    If an amended complaint is timely filed, the defendants shall file and serve their answers to the amended complaint **within fourteen (14) days after service** of the amended complaint; and

13.    In the absence of a timely filed amended complaint, the clerk shall mark this case as **CLOSED**.

<u>*s/Joseph F. Saporito, Jr.*</u>
JOSEPH F. SAPORITO, JR.
United States District Judge